IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
(LOUISVILLE DIVISION)

MELANIE PLEISS     **PLAINTIFF**
2520 South 3rd Street, #114
Louisville, Kentucky 40208

Case No. 3:19-cv-437-DJH

Judge David J. Hale

v.

NATIONAL CREDIT SYSTEMS, INC.     **DEFENDANTS**
3750 Naturally Fresh Boulevard
Atlanta, Georgia 30349

       SERVE:    C T Corporation System
                     306 West Main Street, Suite 512
                     Frankfort, Kentucky 40601
                     (BY CERTIFIED MAIL)

AND

EQUIFAX INFORMATION SERVICES, LLC
1550 Peachtree Street, N.W.
Atlanta, Georgia 30309

       SERVE:    CSC-Lawyers Incorporating Service Co.
                     421 W. Main Street
                     Frankfort, Kentucky 40601
                     (BY CERTIFIED MAIL)

\*\* \*\* \*\* \*\*

## VERIFIED COMPLAINT

Comes the Plaintiff, Melanie Pleiss, and for her Verified Complaint against the Defendant, National Credit Systems, Inc. ("NCS") and Equifax Information Services, LLC ("Equifax") states as follows:

## I. PRELIMINARY STATEMENT

1. This is an action for negligence, defamation, and violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 et seq., arising out of Defendant's failure to investigate Plaintiff's disputes regarding an alleged collection account, and Defendant's consequent failure to amend Plaintiff's Equifax credit report.

## II. PARTIES

2. Plaintiff, Melanie Pleiss, is currently and was at all relevant times a citizen of the Commonwealth of Kentucky residing at 2520 South 3rd Street, #114, Louisville, Kentucky 40208.

3. Plaintiff is a "consumer" as that term is defined by the FCRA, 15 U.S.C. §1681a(c).

4. Defendant, NCS, is a corporation organized under the laws of the State of Atlanta and doing business in the Commonwealth of Kentucky with its principal place of business located at 3750 Naturally Fresh Boulevard, Atlanta, Georgia 30349.

5. NCS is a "furnisher of information" as that term is defined by the FCRA, 15 U.S.C. §1681s-2(b).

6. Defendant, Equifax, is a corporation organized under the laws of the State of Georgia with its principal place of business located at 1550 Peachtree Street N.W., Atlanta, Georgia 30309.

7. Equifax is a consumer reporting agency that "compiles and maintains files on consumers on a nationwide basis" as that term is defined by the FCRA, 15 U.S.C. §1681a(o).

8. Equifax is regularly engaged in the business of assembling, evaluating and dispensing information concerning consumers for the purpose of furnishing "consumer reports," as that term is defined at 15 U.S.C. §1681a(d), to third parties.

## III. JURISDICTION

9. This Court has jurisdiction over this action: (1) pursuant to the FCRA, 15 U.S.C. §1681(p); (2) pursuant to 28 U.S.C. §1331; and (3) because the transactions and occurrences giving rise to this action occurred in Jefferson County, Kentucky as a result of the Defendant doing business in Jefferson County, Kentucky.

## IV. FACTUAL BACKGROUND

9. In or around December 2018, Plaintiff, who was in the process of attempting to secure mortgage financing, accessed her Equifax report and discovered an alleged past due and owing tradeline.

10. Immediately upon discovery of the tradeline, Plaintiff disputed the tradeline with Equifax. Specifically, Plaintiff disputed National Credit System account number 3752412**** and requested that Equifax investigate and delete the alleged tradeline.

11. In or around January 2019, despite Plaintiff's dispute of the foregoing tradeline, Plaintiff discovered that Equifax failed to investigate the tradeline and, consequently, failed to delete or amend the subject tradeline.

12. Equifax's failure to investigate Plaintiff's dispute and their failure to delete and/or amend their reporting of the subject tradeline has damaged Plaintiff in that Plaintiff has been denied credit and/or has been forced to pay a high rate of interest for credit due to Equifax's failure to properly investigate Plaintiff's dispute and to delete or amend its reporting of the subject tradeline. In addition, Defendants' violations of the FCRA have caused Plaintiff to suffer embarrassment, humiliation, and emotional distress.

## V. CLAIMS

### Negligence – NCS

13. Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1

through 22 as if fully set forth herein.

14. NCS's failure to investigate Plaintiff's dispute and its false reporting to Equifax regarding the alleged NCS tradeline were negligent under applicable law. In failing to investigate Plaintiff's dispute and in falsely reporting the alleged mortgage account, NCS breached its duties to Plaintiff to investigate consumer disputes and to report accurate information regarding Plaintiff's credit history and acted with conscious disregard for Plaintiff's rights.

15. NCS's failure to investigate Plaintiff's dispute and its false reporting to Equifax regarding the alleged past due account has caused and continues to cause damage to Plaintiff, including, but not limited to, humiliation and embarrassment, a substantial decline in Plaintiff's credit rating, and other compensatory and consequential damages. NCS's failure to investigate Plaintiff's disputes and its false reporting to Equifax regarding the alleged mortgage tradeline were willful and wanton, entitling Plaintiff to punitive damages therefor.

### Negligence - Equifax

16. Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 15 as if fully set forth herein.

17. Equifax's failure to investigate Plaintiff's dispute and its failure to delete and/or amend its reporting the aforementioned account, despite Plaintiff's lawful notice to Equifax of the falsity of the report, was negligent.

18. In failing to investigate Plaintiff's dispute and in failing to delete and/or amend its reporting of the subject tradeline, Equifax breached its duties to Plaintiff to thoroughly investigate any and all credit reporting disputes and to maintain accurate credit histories for Plaintiff and acted with conscious disregard for Plaintiff's rights.

19. Equifax's negligent failure to delete and/or amend its reporting of the subject tradeline has caused, and continues to cause damages to Plaintiff, including, but not limited to,

humiliation and embarrassment, a substantial decline in Plaintiff's credit rating, and other compensatory and consequential damages.

20. Equifax's failure to delete and/or amend its reporting of the subject tradeline, despite Plaintiff's lawful notice to Equifax of the falsity of the reporting, was willful and wanton, entitling Plaintiff to punitive damages therefor.

### Defamation – NCS

21. Plaintiffs hereby adopt and incorporate the allegations contained in paragraphs 1 through 20 as if fully set forth herein.

22. NCS, with knowledge of the falsity of its statements, has published and continues to publish statements to others, including, but not limited to, Equifax and other currently unknown individuals and/or entities who have accessed Plaintiff's Equifax credit report, that Plaintiff has late payments and negative comments on his account with NCS. NCS's statements were false and were made with conscious disregard for the rights of the Plaintiffs.

23. NCS's publication of false statements regarding Plaintiff's creditworthiness and Plaintiff's alleged late payment and negative comments on his NCS account amounts to defamation and defamation *per se* of the Plaintiff, entitling Plaintiff to compensatory, special, consequential and punitive damages therefor.

### Defamation - Equifax

24. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 23 as if fully set forth herein.

25. Equifax, with knowledge of the falsity of its statements, has published and continues to publish statements to others, including, but not limited to, National Credit System, and other currently unknown entities and/or individuals who have accessed Plaintiff's Equifax

credit report, that Plaintiff has a past due and payable account with National Credit System. Equifax's statements were false and were made with conscious disregard for the rights of the Plaintiff.

26. Equifax's publication of false statements regarding Plaintiff's creditworthiness amounts to defamation and defamation *per se* of the Plaintiff, entitling Plaintiff to compensatory, special, consequential, and punitive damages therefor.

### Negligent Violation of the Fair Credit Reporting Act – NCS

27. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 26 as if fully set forth herein.

28. NCS's failure to investigate Plaintiff's dispute and it initial and continuing false reporting to Equifax of Plaintiff's NCS account are violations of NCS's duties as a furnisher of credit information pursuant to the FCRA, 15 U.S.C. §1681s-2(b).

29. NCS's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o for which NCS is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's attorneys' fees.

### Negligent Violation of the Fair Credit Reporting Act - Equifax

30. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 29 as if fully set forth herein.

31. Equifax's failure to investigate Plaintiff's dispute and its failure to delete and/or amend its reporting of the subject tradeline despite knowledge of the falsity of the disputed item are violations of Equifax's duty to ensure maximum possible accuracy of consumer reports under 15 U.S.C. §1681e(b) and Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

32. Equifax's failure to evaluate or consider any of Plaintiff's information, claims, or evidence, and its failure to make any and/or sufficient attempts to delete and/or amend its reporting of the disputed item within a reasonable time following Equifax's receipt of Plaintiff's dispute are violations of Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

33. Equifax's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o, for which Equifax is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's attorney's fees.

### Willful Violation of the Fair Credit Reporting Act - NCS

34. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 33 as if fully set forth herein.

35. NCS's failure to investigate Plaintiff's dispute and its initial and continuing false reporting to Equifax of Plaintiff's alleged NCS account, despite NCS's knowledge of the falsity of its reporting, is a willful violation of NCS's duties as a furnisher of credit information pursuant to the FCRA, as stated in 15 U.S.C. §1681s-2(b).

36. Given NCS's knowledge of the falsity of its reporting, NCS's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which NCS is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages, and for Plaintiff's attorney's fees.

### Willful Violation of the Fair Credit Reporting Act - Equifax

37. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 36 as if fully set forth herein.

38. Equifax's failure to investigate Plaintiff's dispute and its failure to delete and/or amend its reporting of the subject tradeline despite Equifax's knowledge of the falsity of the

disputed item are willful violations of Equifax's duty to ensure maximum possible accuracy of consumer reports as stated in 15 U.S.C. §1681e(b) and Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

39. Equifax's failure to investigate Plaintiff's dispute, its failure to evaluate or consider any of Plaintiff's information, claims, or evidence, and its failure to make any and/or sufficient attempts to delete and/or amend its reporting of the disputed item within a reasonable time following Equifax's receipt of Plaintiff's dispute are willful violations of Equifax's duties regarding investigation of disputed items as stated in 15 U.S.C. §1681i.

40. Equifax's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which Equifax is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages and for Plaintiff's attorneys' fees.

WHEREFORE, Plaintiff, Melanie Pleiss, respectfully demands the following:

1. Trial by jury on all issues so triable;

2. Judgment against the Defendant for statutory, compensatory, consequential, and punitive damages;

3. For attorneys' fees and costs; and,

4. Any and all other relief to which Plaintiff may appear to be entitled.

Respectfully submitted,

*/David W. Hemminger*
David W. Hemminger
HEMMINGER LAW OFFICE, PSC
331 Townepark Circle, Suite 100-C
Louisville, KY 40243
(502) 443-1060
hemmingerlawoffice@gmail.com
*Counsel for Plaintiff*

## VERIFICATION

I, Melanie Pleiss, hereby state that I have read the foregoing Verified Complaint and the statements contained therein are true and accurate to the best of my knowledge, information and belief.

*Melanie Pleiss* (signature)

Melanie Pleiss

STATE OF KENTUCKY        )
                         ) SS
COUNTY OF JEFFERSON      )

Subscribed, sworn to and acknowledged before me by Melanie Pleiss this 04th day of May, 2019.

_____
Notary Public

Commission expires: 08/17/2019

OFFICIAL SEAL
MARIA P. SHAW
NOTARY PUBLIC - KENTUCKY
STATE-AT-LARGE
My Comm. Expires 08/17/2019

7